IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY C. THOMPSON §<br>   Plaintiff, §<br>§<br>v. §<br>§<br>LAW OFFICE OF JOSEPH §<br>ONWUTEAKA, PC, JOSEPH O. §<br>ONWUTEAKA, individually, and §<br>SAMARA PORTFOLIO §<br>MANAGEMENT, LLC §<br>   Defendants. § | FILE NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Mary C. Thompson (hereinafter "Thompson") files this complaint against Defendants Law Office of Joseph Onwuteaka, PC, Joseph O. Onwuteaka, and Samara Portfolio Management, LLC (collectively hereinafter "Defendants"), and respectfully states:

### I. Preliminary Statement

1. This is an action for statutory damages, attorney's fees, and costs brought by Thompson, an individual consumer, against Defendants for bringing suit in a distant forum in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d) over the claims arising under the FDCPA.

3.     Venue in this district court is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. Parties and Notice

4.     Thompson is a natural person who resides in Mount Pleasant, Titus County, Texas.  Thompson is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

5.     Defendant Law Office of Joseph Onwuteaka, PC (hereinafter "Onwuteaka Office") is a domestic professional corporation engaged in the business of collecting debt in this state, and may be served through its registered agent, Joseph Onwuteaka, at 7324 Southwest Freeway, Suite 310, Houston, Texas 77074.  The principal purpose of Onwuteaka Office is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.  Onwuteaka Office is a "debt collector" within the meaning of   15 U.S.C. § 1692a(6).

6.     Defendant Joseph O. Onwuteaka (hereinafter "Onwuteaka") is an individual, an attorney licensed to practice law in the State of Texas, and a principal of the Law Office of Joseph Onwuteaka, PC.  He may be served with process at 7324 Southwest Freeway, Suite 310, Houston, Texas 77074.  Onwuteaka is a "debt collector" within the meaning of   15 U.S.C. § 1692a(6).  Onwuteaka is liable for the acts of Onwuteaka Office because he sets and approves Onwuteaka Office's collection policies, practices, procedures and he directed the unlawful activities described herein.

7.     Defendant Samara Portfolio Management, LLC (hereinafter "Samara") is a domestic limited liability company with authority to do business in the State of Texas. Samara may be served through its registered agent Joseph Onwuteaka at 203 Kirkwood Court, Sugarland, Texas 77478. The principal purpose of Samara is the

collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.  Samara is a "debt collector" within the meaning of    15 U.S.C. § 1692a(6).

8. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Thus, Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

### IV. Facts

9. On February 13, 2012, a lawsuit was filed on behalf of Samara by Onwuteaka and Onwuteaka Office in Harris County Justice of the Peace Court Precinct 1, Place 2.  Samara alleged Thompson incurred a financial obligation, namely a consumer loan issued by First Bank of Delaware/Cash Call, Inc.  The alleged debt was incurred primarily for personal, family, or household purposes.  Therefore, it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or about June 3, 2012, Thompson was served with process at her home in Mount Pleasant, 271 miles away from the court where the lawsuit was filed.

11. Thompson has never resided in Harris County.  Specifically, she neither resided in Harris County at the time the JP Court lawsuit was filed, nor did she reside in Harris County at the time the promissory note was allegedly executed.

12. On June 18, 2012, Thompson, by and through counsel, filed a motion to transfer venue and original answer.

13. Defendants subsequently filed notice of non-suit, and the order granting the notice of non-suit has been signed by the presiding judge on August 24, 2012.

**V. Violation of the Venue Provision in the Fair Debt Collection Practices Act**

14.     Paragraphs 1-13 above are incorporated by reference herein.

15.     Under the FDCPA, the legal action must be filed in a judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i(a).

16.     By filing suit in Harris County rather than Titus County, Defendants violated 15 U.S.C. § 1692i(a), because Defendants filed suit to collect a consumer obligation in a judicial district other than where the consumer resides or signed the contract.

17.      Thompson, therefore, is entitled to recover statutory damages, court costs, and attorney's fees under 15 U.S.C. § 1692k(a).

**VI. Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

1.     Statutory damages, as provided for in 15 U.S.C. § 1692k(a)(2);

2.     Attorney's fees, litigation expenses and costs, as provided in 15 U.S.C. § 1692k(a)(3); and

3.     Such other and further relief, at law or in equity, to which she may be entitled.

Respectfully submitted,

Lone Star Legal Aid

/s/ Tariq F. Gladney
Tariq Franklin Gladney
1415 Fannin, 3rd Floor
Houston, TX  77002
Ph:   (713) 652-0077 ext 1169
Fax: (713) 652-3814
SBN: 24058505
SDBN: 1082301