IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY THOMPSON, | § |
| Plaintiff, | § |
| | § Case No. 4:13-cv-00441 |
| SAMARA PORTFOLIO MANAGEMENT, L.L.C.; LAW OFFICE OF JOSEPH ONWUTEAKA, P.C. and JOSEPH ONWUTEAKA, | § |
| Defendants | § |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Mary Thompson, Counter-Defendant herein, and files this motion to dismiss the entire counterclaim pursuant to Rule 12(b)(1) and (6), and in support thereof would show the following:

**I.     Introduction**

1.     On or about February 11, 2013, Plaintiff filed her Original Complaint, asserting a claim for distant forum abuse under the Fair Debt Collection Practices Act ("FDCPA"). See document no. 1.   Specifically, Plaintiff alleged that Defendants sued her over a defaulted loan in a Harris County J.P. court, even though she resided in Mount Pleasant at the time the suit was filed and she did not sign the underlying note in Harris County. See ¶s 9-11, document no. 1.

2.     On May 3, 2013, Defendant filed its Answer and Counterclaim.   See document no. 12.   Defendants' Counterclaim asserts two claims, one for the recovery of attorney's

fees and one for an underlying debt. Pursuant to Rule 12(b)(1) and (6), Plaintiff/Counter-Defendant seeks the dismissal of these claims, as, inter alia, premature or bereft of any jurisdictional anchor.

## II. Defendants' counterclaim for attorney's fees should be dismissed.

3. On this claim, see ¶ 18, document no. 12, Defendants allege, *inter alia*, that the lawsuit is brought for an improper purpose and that it is frivolous. While not stated, this claim appears to be based on either 15 U.S.C. § 1692k(a)(3) or Fed.R.Civ.P. 11. Section 1692k(a)(3) provides that, "[o]n a finding by the court that an action [under the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Rule 11 authorizes courts to award sanctions against parties and their attorneys for filing pleadings that are presented for an improper purpose such as harassment, not supported by existing law or by a non-frivolous argument for establishing new law, or unsupported by evidence. Fed.R.Civ.P. 11(a)-(c).

### A. Claim under 15 U.S.C. § 1692k(a)(3)

4. To the extent that Defendants are asserting this claim under 15 U.S.C. § 1692k(a)(3), Ms. Thompson seeks dismissal of this claim. Specifically, this is a claim which should be presented by motion at the conclusion of the Plaintiff's case and not as a counterclaim. *Taylor v. Frost-Arnett Company*, 1998 U.S. Dist. LEXIS 12437, *2-4 (E.D. La. 1998); *Ruble v. Madison Capital, Inc.*, 1997 U.S. Dist. LEXIS 22301, *3-6 (N.D. Ohio 1997); *Chlanda v. Wymard*, 1994 U.S. Dist. LEXIS 21317, *2-4 (S.D. Ohio 1994); *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19095 (D. Conn. 1989); *Hardin v. Folger*, 704

F.Supp. 355, 357 (W.D.N.Y. 1989).  Contra: *Ayres v. National Credit Management Corporation*, 1991 U.S. Dist. LEXIS 5629, *15-16 (E.D. Pa. 1991).

5. As noted in *Taylor*, this claim for attorney's fees is premature at this time. The bad faith and harassment allegations of this count of the counterclaim afford the Defendants neither a defense to the merits of the case nor provide the Defendants with a cause of action under the FDCPA. Rather, the FDCPA merely provides a means for seeking an award of attorney's fees if the Defendants prevail on the merits of the FDCPA claim and then file a motion for attorney's fees and prove that the FDCPA action was brought in bad faith and for the purpose of harassment. 1998 U.S. Dist. LEXIS 12437, *3. Dismissal of this count of the counterclaim would not preclude the Defendants from filing a motion for attorney's fees after they prevail on the merits (an outcome deemed most unlikely by Plaintiff and her counsel). *Traverso*, 1989 U.S. Dist. LEXIS 19095, *3 ("defendant's counterclaim for attorney's fees will be dismissed without prejudice to renew as a motion for attorney's fees if defendant shall prevail in this action.").

### B. Rule 11

6. Plaintiff/Counter-Defendant seeks dismissal of this claim on the basis that a party should only raise such a claim by motion, with 21 days' prior notice. As such, this claim, by the very language of the rule, cannot constitute a counterclaim. See Rule 11(c)(1). Likewise, it is premature as a motion, because the Defendants filed the claim without providing 21 days' prior notice. Rule 11(c)(2).

### III. Defendants' debt counterclaim should be dismissed on jurisdictional grounds.

#### A. Standard for Dismissal Under Rule 12(b)(1)

7.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation and quotation omitted). A party attempting to invoke federal court jurisdiction bears the burden of establishing that jurisdiction. *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811, 130 L. Ed. 2d 19, 115 S. Ct. 61 (1994). Dismissal for lack of subject matter jurisdiction "is only proper when it appears certain that the [counterclaimant] cannot prove any set of facts in support of [its] claims that would entitle [it] to relief." *McAllister v. Federal Deposit Insurance Corporation*, 87 F.3d 762, 765 (5th Cir. 1996) (internal citation and quotation omitted). In ruling on this motion to dismiss for lack of subject matter jurisdiction, the court may rely on (1) the counterclaims alone; (2) the counterclaims supplemented by undisputed facts; or (3) the counterclaims supplemented by undisputed facts plus the court's resolution of disputed facts. *McAllister*, 87 F.3d at 765 (citation omitted).

#### B. There is no basis for supplemental jurisdiction, because the debt counterclaim is only permissive.

8.  Since their debt counterclaim, ¶ 19, document 12, is a state law breach of contract claim, Defendants must demonstrate some independent basis for federal jurisdiction. Absent federal question and diversity jurisdiction which do not exist, the only remaining possibility is supplemental jurisdiction under 28 U.S.C. § 1367. Supplemental

jurisdiction is possible under § 1367(a) when the counterclaim is "so related to [the other] claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution."

9. Since the elements of a breach of contract claim and a Fair Debt Collection Practices Act claim are different, a breach of contract counterclaim is generally not considered a compulsory counterclaim to an FDCPA claim. *Peterson v. United Accounts*, 638 F.2d 1134, 1137 (8th Cir. 1981); *Taylor v. Professional Collection Services*, 275 F.Supp.2d 1305, 1306 (D. Nev. 2003); *Orloff v. Syndicated Office Systems*, 2003 U.S. Dist. LEXIS 15466, * 4-10 (E.D. Pa. 2003); *Evans v. American Credit Systems*, 2003 U.S. Dist. LEXIS 22433, * 2-5 (D. Neb. 2003); *Hart v. Clayton-Parker and Associates*, 869 F.Supp. 774, 777-778 (D. Ariz. 1994); *Gutshall v. Bailey and Associates*, 1991 U.S. Dist. LEXIS 12153, * 2-6 (N.D. Ill. 1991); *Ayres v. National Credit Management Corporation*, 1991 U.S. Dist. LEXIS 5629, *2-15 (E.D. Pa. 1991); *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49-50 (W.D.N.Y. 1987). Likewise, every Fifth Circuit court known to have addressed this issue has concurred that a breach of contract counterclaim is not to be considered a compulsory counterclaim to an FDCPA claim. *Jobe v. Alliance Collection Service*, 2012 U.S. Dist. LEXIS 128742, *2-10 (N.D. Miss. 2012); *Whatley v. AHF Financial Services, LLC*, 2012 U.S. Dist. LEXIS 131741, *8-12 (E.D. Tex. 2012), *adopted*, 2012 U.S. Dist. LEXIS 131749 (E.D. Tex. 2012); *Taylor v. Cavalry Portfolio Services, LLC*, 2012 U.S. Dist. LEXIS 1132307, *1-7 (E.D. Tex. 2012); *Hurtado v. TAM Finance Corporation*, 2007 U.S. Dist. LEXIS 39758, *3-7 (W.D. Tex. 2007); *Barcena v. TAM Finance Corporation*, 2007 U.S. Dist. LEXIS 38674 (W.D. 2007).

10. In *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix. Ltd.*, 79 F.3d 480 (5th Cir. 1996), the Fifth Circuit provided the following test to determine whether a counterclaim was compulsory:

(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same;

(2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;

(3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and

(4) whether there is any logical relationship between the claim and the counterclaim. An affirmative answer to any of the four questions indicates the claim is compulsory. *Id.* at 483 n. 2.

11. Applied to this case, none of these four questions should be answered affirmatively, and, therefore, it is clear that Defendant's breach of contract counterclaim is not compulsory. Specifically, the factual and legal issues in Plaintiff's FDCPA complaint are different from those raised in a breach of contract claim; there is no overlap in proof between the FDCPA claim, on the one hand, and the breach of contract claim, on the other hand, other than the existence of a debt; and there is no logical relationship between the consumer protection claim alleging distant forum abuse and the breach of contract claim.

12. Assuming Defendants' counterclaim is permissive, there is no basis for supplemental jurisdiction. With the amendment of § 1367 in 1990, there is much debate

about whether the compulsory vs. permissive counterclaim distinction continues to control the issue of supplemental jurisdiction. Compare *Evans*, 2003 U.S. Dist. LEXIS 22433 at * 3, and *Hart*, 869 F.Supp. at 776, with *Crawford v. Equifax Payment Services*, 1998 U.S. Dist. LEXIS 15719, *12-18 (N.D. Ill. 1998). Nevertheless, a number of courts have found that supplemental jurisdiction does not exist for a breach of contract counterclaim filed in response to an FDCPA debt collection abuse claim, as here. *Taylor*, 275 F.Supp.2d at 1306; *Orloff*, 2003 U.S. Dist. LEXIS 15466 at * 4-10; *Evans*, 2003 U.S. Dist. LEXIS 22433 at * 2-5. Given the fact that Defendants' breach of contract counterclaim is only permissive, Plaintiff asserts it does not form part of the same "case or controversy" as the underlying FDCPA claim for distant forum abuse.

**C.      Even if this Court has discretion to exercise supplemental jurisdiction, it should decline to exercise jurisdiction.**

13. Even if this Court has discretion in this matter, Plaintiff asserts that this Court should decline to exercise such jurisdiction under 28 U.S.C. § 1367(c)(4). That provision provides this Court with discretion to decline the exercise of supplemental jurisdiction "in exceptional circumstances [when] there are other compelling reasons for declining jurisdiction." In this case, the filing of this counterclaim itself violates the prohibitions on distant forum abuse set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a)(2) and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46(b)(23)(Vernon's 2004), because it is being filed in a court *other than* a court located in a county or district where Ms. Thompson signed the contract at issue or where she currently resides. Thus, Plaintiff asserts that exercising supplemental jurisdiction on this counterclaim would sanction a violation of the distant forum abuse prohibitions in

the FDCPA and the DTPA, the very issues raised by the Plaintiff in this lawsuit.

14. Similarly, a number of courts have refused to exercise supplemental jurisdiction over a debt collection claim filed by a debt collector in a federal action filed by a plaintiff under the FDCPA, noting that the exercise of such jurisdiction would have a chilling effect on persons who might bring FDCPA claims. *Crawford*, 1998 U.S. Dist. LEXIS at *18-19; *Taylor*, 2012 U.S. Dist. LEXIS 132307 at *5-7; *Jobe*, 2012 U.S. Dist. LEXIS 128742 at *9-10; *Barcena*, 2007 U.S. Dist. LEXIS 38674 at *6-11.

15. Moreover, refusing to exercise supplemental jurisdiction does not mean that Defendants have no recourse against Plaintiff on its debt claim. Dismissal of this counterclaim merely forces Defendants to pursue their breach of contract claim in state court, presumably in Titus County, the county in which Ms. Thompson currently resides. All Ms. Thompson asks is that Defendants bring their breach of contract claim in a state court forum that is not distant.

WHEREFORE, Counter-Defendant Mary Thompson moves the Court for dismissal of both counts of Defendants' counterclaim and for such other and further relief to which she may be entitled.

Respectfully submitted,

**Lone Star Legal Aid**

1415 Fannin Street, 3rd Floor
Houston, Texas 77002
Tel.: 713-652-0077, ext. 1154
Fax: 713-652-3814

By: /s/ Richard Tomlinson
Richard Tomlinson
TX Bar No. 20123500
Tariq F. Gladney
TX Bar No. 24058505

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's Motion to Dismiss Counterclaim has been forwarded to counsel for Defendants, electronically or by fax or First Class Mail on this the 24th day of May, 2013:

Joseph Onwuteaka
Law Office of Joseph Onwuteaka, P.C.
7324 Southwest Freeway, Suite 310
Houston, TX 77074

/s/ Richard Tomlinson
Richard Tomlinson