# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARY C. THOMPSON, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-0441 |
| § | | |
| LAW OFFICE OF JOSEPH § | | |
| ONWUTEAKA, PC, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This Fair Debt Collection Practices Act ("FDCPA") case is before the Court on Plaintiff Mary C. Thompson's Motion to Strike Affirmative Defenses [Doc. # 13] and Motion to Dismiss Counterclaim [Doc. # 14]. Defendants neither filed a response in opposition to either motion nor requested additional time to respond. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion to Strike Affirmative Defense with leave to replead, and **grants** the Motion to Dismiss Counterclaim.

Plaintiff, who resides in Titus County, Texas, filed this lawsuit alleging that Defendants filed a debt collection lawsuit against her in Harris County even though she neither resided in nor incurred the subject debt in Harris County. The FDCPA requires that any legal action to collect a debt must be filed in the judicial district in

which the consumer signed the contract sued upon or in which the consumer resides at the time the debt collection action is filed. *See* 15 U.S.C. § 1692i(a).

Defendants filed an Original Answer and Counterclaim [Doc. # 12] that included a list of "Affirmative Defenses." Rather than negate an element of the plaintiff's case, an affirmative defense generally relies on "other, independent ***facts*** as a basis for negating liability that the ***defendant must plead*** and prove." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 411 (5th Cir. 2009) (emphasis added). Absent any factual allegations to support the listed affirmative defenses, and absent any argument from Defendants in opposition to the Motion to Strike, the Court concludes that the affirmative defenses should be stricken with leave for Defendants to replead any affirmative defenses together with the facts Defendants claim support each defense.

In the Counterclaim, Defendants seek attorneys' fees based on the argument that Plaintiff filed this lawsuit in bad faith, and to recover the debt at issue in the underlying state court lawsuit (which was nonsuited). Defendants cite no legal basis for their counterclaim for attorneys' fees. To the extent Defendants seek to recover attorneys' fees pursuant to 15 U.S.C. § 1692k, that provision "does not give rise to an independent cause of action but merely allows for damages after resolution of the case on the merits." *See Spencer v. Receivables Performance Mgmt., LLC*, 2013 WL 797335, *3 (S.D. Tex. Mar. 4, 2013) (citing *Allen v. Scott,* 2011 WL 219568, at *2–3

(N.D. Tex. Jan.19, 2011) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985))).  Any purported counterclaim based on Rule 11 of the Federal Rules of Civil Procedure would be premature because there is no allegation that Defendants have provided the 21-day notice required by Rule 11(c)(2).  As a result, the Motion to Dismiss the counterclaim for attorneys' fees is **granted**.

Plaintiff seeks dismissal of the counterclaim for the underlying debt pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction.  The Court concludes that there exists supplemental jurisdiction over the permissive counterclaim to collect the underlying debt.  *See Barcena v. Tam Fin. Corp.*, 2007 WL 1452598, *3 (W.D. Tex. May 8, 2007), and cases cited therein; *see also Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 76 (1st Cir. 2010); *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004).

Plaintiff argues that, even if supplemental jurisdiction exists, this Court should decline to exercise that jurisdiction.  "Section 1367(c) authorizes a court to decline to exercise supplemental jurisdiction over a state-law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over any federal claims; (3) the district court has already dismissed all federal claims; or (4) there are exceptional circumstances or other compelling reasons to decline jurisdiction."  *Enochs v. Lampasas County*, 641 F.3d 155, 164 (5th Cir. 2011).

Plaintiff argues that exercising supplemental jurisdiction over the counterclaim for the underlying debt in this case would violate the FDCPA's prohibition against litigating a suit to recover a debt in any forum other than where the Plaintiff resides or the debt was incurred.  Indeed, it is the alleged violation of the venue provision in § 1692i(a) of the FDCPA that forms the basis for Plaintiff's claims in this lawsuit.  Plaintiff resides in Titus County, Texas, located in the Texarkana Division of the Eastern District of Texas.  Defendants have filed no opposition arguing that this is not a "compelling reason" for the Court to decline supplemental jurisdiction over the counterclaim, and the Court concludes that the counterclaim for the underlying debt should not be allowed to proceed in the Southern District of Texas in violation of the FDCPA.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses [Doc. # 13] is **GRANTED**, with leave for Defendants to file by **July 31, 2013**, an Amended Answer and Affirmative Defenses including the factual basis for each affirmative defense.  It is further

**ORDERED** that Plaintiff's Motion to Dismiss Counterclaim [Doc. # 14] is **GRANTED**.

SIGNED at Houston, Texas, this **19th** day of **June, 2013**.

Nancy F. Atlas
United States District Judge