IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY THOMPSON, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:13-cv-00441 |
| SAMARA PORTFOLIO MANAGEMENT, L.L.C.; LAW OFFICE OF JOSEPH ONWUTEAKA, P.C. and JOSEPH ONWUTEAKA, | § § § § § § | |
| Defendants | § § | |

**PLAINTIFF'S SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mary Thompson, Plaintiff herein, and moves this Court once again under Fed.R.Civ.P. 12(f) to strike certain affirmative defenses asserted by Defendants, and in support thereof would show the following:

**I.     Introduction**

1.     On or about February 11, 2013, Plaintiff filed her Original Complaint, asserting a claim for distant forum abuse under the Fair Debt Collection Practices Act ("FDCPA"). See document no. 1.   Specifically, Plaintiff alleged that Defendants sued her over a defaulted loan in a Harris County J.P. court, even though she resided in Mount Pleasant at the time the suit was filed and she did not sign the underlying note in Harris County. See ¶s 9-11, document no. 1.

2.     On May 3, 2013, Defendants filed their initial Answer and Counterclaim.   See document no. 12.   The Answer contained 9 affirmative defenses, including 2 which related to the statutory scheme of the FDCPA (statute of limitations and bona fide error)

and 7 others that asserted various common law defenses (compulsory counterclaim, election of remedies, estoppel, qualified immunity, res judicata, waiver and offset). *Id.*

3. On May 24, 2013, Plaintiff filed a motion to strike affirmative defenses under Rule 12(f)(2), alleging that Defendants had failed to adequately plead any of their defenses and that some of the defenses were barred by law. See document no. 13. On June 19, 2013, this Court signed an order that struck all of Defendants' affirmative defenses but permitted Defendants until July 31, 2013 to replead. See document no. 19. According to this Court's memorandum opinion, "[a]bsent any factual allegations to support the listed affirmative defenses, . . . the Court concludes that the affirmative defenses should be stricken with leave for Defendants to replead any affirmative defenses together with the facts Defendants claim support each defense." *Id.*

4. On July 31, 2013, Defendants filed an amended answer that repleads all 9 affirmative defenses. See document no. 20. Plaintiff now alleges that the two statutory defenses (statute of limitations and bona fide error) remain inadequately pled and that three of the common law defenses are invalid as a matter of law.

## II. Pleading standard for affirmative defenses

5. A defendant is required to "state in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(b)(1). According to the Fifth Circuit, an affirmative defense is subject to the same pleading requirements as the complaint. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). At a minimum, an affirmative defense must provide "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* Moreover, as this Court noted in its prior order, "an affirmative generally relies on 'other, independent **facts** as a basis for

negating liability that the **defendant must plead** and prove[,]" citing to *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 411 (5th Cir. 2009)(emphasis added by Court). See page 2, document no. 19.

6.   For allegations of mistake, parties "must state with particularity the circumstances constituting . . . mistake." Fed.R.Civ.P. 9(b). The Fifth Circuit interprets particularity requirements of Rule 9(b) strictly, requiring the pleading party "to set forth the 'who, what, where, and how' of the alleged [mistake]." *U.S. v. Nunnally*, 2013 U.S. App. LEXIS 6733, *4 (5th Cir. 2013), citing to *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

7.   Under current Supreme Court precedent, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Under this plausibility standard, while a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. In other words, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* In *Ashcroft v. Iqbal,* 556 U.S. 1937, 129 S. Ct. 1937 (2009), the Court expanded upon *Twombly* by prescribing the analytical approach to be followed in any Rule 12(b)(6) test to the sufficiency of a complaint. First, reviewing courts are instructed to identify and segregate out the legal conclusions in the complaint, which, unlike the factual allegations, are "not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. Second, a court must determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1951. The Court advised that the "plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." It was noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

8. While no court of appeals has yet addressed the issue, the majority of the district courts nationwide and in Texas have applied the heightened pleading standards set forth in *Twombly* and *Iqbal* to affirmative defenses. *Vargas v. HWC Maintenance, LLC*, 2012 U.S. Dist. LEXIS 37352, *3-6 (S.D. Tex. 2012)(J. Harmon); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, 2011 U.S. Dist. LEXIS 53822, *3-10 (S.D. Tex. 2011)(J. Lake); *U.S. v. Brink*, 2011 U.S. Dist. LEXIS 21816, *7-8 (S.D. Tex. 2011)(J. Jack); *Burns v. Dodeka*, 2010 U.S. Dist. LEXIS 48525, *2-3 (N.D. Tex. 2010)(M.J. Cureton); *Teirstein v. AGA Medical Corp.*, 2009 U.S. Dist. LEXIS 125002, *19 (E.D. Tex. 2009)(M.J. Love); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Communications, Inc.*, 2008 U.S. Dist. LEXIS 83135, *3-4 (W.D. Tex. 2008)(J. Justice); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 535-537 (D. Md. 2010). Contra: *Floridia v. DLT 3 Girls, Inc.*, 2012 U.S. Dist. LEXIS 61748, *3-7 (S.D. Tex. 2012)(J. Ellison).

9. Assuming *Twombly* and *Iqbal* apply to affirmative defenses, defendants are required to plead enough facts to plausibly raise an affirmative defense and not merely state that a defense may apply. *Vargas*, 2012 U.S. Dist. LEXIS 37352, *3-7; *Brink*, 2011 U.S. Dist. LEXIS 21816, *13; *Ulyssix Technologies, Inc. v. Orbital Network Engineering, Inc.*, 2011 U.S. Dist. LEXIS 14018, *41-46 (D. Md. 2011), citing to *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, *13 (W.D. Va. 2010).

10. Even if the "fair notice" standard applies, merely pleading an affirmative defense

without providing any factual basis is insufficient and renders the defense subject to dismissal. *Schlosser v. Metropolitan Prop. & Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 126526, *7-8 (E.D. La. 2012); *United States v. Crown Roofing Services, Inc.*, 2011 U.S. Dist. LEXIS 119193, *3-5 (S.D. Tex. 2011). This means that a properly-pleaded affirmative defense based on a statute should identify the applicable statutory provision and the factual basis for the application of any such statutory provision. *Schlosser*, 2012 U.S. Dist. LEXIS 126526, *8.

### III. The offsets and credit defense should be stricken.

11. Defendants once again assert "offsets and credits for the amount owed by plaintiff to defendants" and then add "on the underlying debt." See ¶ 16, document no. 20. While this amendment provides a bit more detail, this defense should be stricken again, this time solely because there is no legal basis to support it.

12. The setoff defense is unavailable as a defense to an FDCPA claim, because it is an equitable defense which runs contrary to the policies of the FDCPA by avoiding the intended punishment for statutory violations. *Reed v. Global Acceptance Credit Company*, 2008 U.S. Dist. LEXIS 61738, *19-20 (N.D. Calif. 2008). Likewise, courts have refused to permit setoff as a defense to a claim under the Truth-in-Lending Act, a statutory scheme similar to the FDCPA, because it would reduce the deterrent effect of statutory damages and the incentives for an obligor to sue over statutory violations. *Dias v. Bank of Hawaii*, 732 F.2d 1401, 1403 (9th Cir. 1984); *Griggs v. Provident Consumer Discount Company*, 680 F.2d 927, 932-933 (3rd Cir. 1982); *Riggs v. Government Employees Financial Corporation*, 623 F.2d 68, 73-75 (9th Cir. 1980); *Newton v. Beneficial Finance Company*, 558 F.2d 731, 732 (5th Cir. 1977); *Olevares v.*

*Viking Dodge, Inc.*, 626 F.Supp. 114, 115-116 (N.D. Ill. 1985). Since the reasons for not recognizing the defense in the TILA context also apply in the FDCPA context, this Court should find that the same defense is invalid in the FDCPA context.

**IV.     The qualified immunity defense should be stricken.**

13.     Defendants once again assert the defense of qualified immunity, now asserting that "Defendants Joseph Onwuteaka and the Law Office of Joseph Onwuteaka, P.C., as attorneys, claim Plaintiff's suit is barred by qualified immunity." See ¶ 13, document 20. In effect, Defendants have only added the words "as attorneys." Compare ¶ 13, document 12 with ¶ 13, document 20. As before, this slightly amended defense should be stricken, because it provides insufficient factual and legal detail to give fair notice to Plaintiff. More importantly on the merits, the courts have soundly rejected common law litigation immunity, the presumed defense being raised, as a defense to an FDCPA claim. *Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); *Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed.Appx. 24, 26 (6th Cir. 2007); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229-234 (4th Cir. 2007); *Eads v. Wolpoff & Abramson*, 538 F.Supp.2d 981, 987-988 (W.D. Tex. 2008).

**V.     The limitations defense should be stricken.**

14.     Defendants once again assert that "Plaintiff's suit is barred by the statute of limitations" and then add that this is true "because plaintiff did not file this complaint within one (1) year of accrual of her cause of action." See ¶ 9, document 20. An FDCPA claim, like the one alleged in Plaintiff's complaint, must be filed within one year "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Again, as before, this defense should be stricken, because it provides insufficient factual and legal detail

to give fair notice to Plaintiff. More particularly, Plaintiff is alleging that Defendants filed a collection lawsuit in a distant forum. While Defendants once again did not admit that the underlying lawsuit was filed on February 13, 2012 in their answer, see ¶ 5, document no. 20,[1] Defendants at a minimum should allege when they assert the cause of action accrued, so it is clear how the violation at issue occurred more than 1 year after the filing of this suit on or about February 11, 2013. In short, to give fair notice of this defense, Defendants should state when Plaintiff's cause of action purportedly accrued.

## VI. The bona fide error defense should be stricken.

15. Defendants once again allege that "Plaintiff's suit is barred by lack of intent and/or bona fide error on the part of defendants" and then add "despite defendants' efforts to prevent its occurrence." See ¶ 14, document 12. As before, this presumably indicates a desire to invoke the bona fide error defense provided by 15 U.S.C. § 1692k(c). Under this defense, "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows . . . that the violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id*. While this amended pleading of the defense does state more closely the elements of the defense, it remains conclusory and unsupported by any facts.

16. A number of courts, though, have found that this defense involves an allegation of mistake and must, therefore, be pleaded in compliance with the heightened pleading

---

[1] Plaintiff alleged that the suit was filed on February 13, 2013. See ¶ 9, document no. 1. Defendants admitted only that they filed a lawsuit against Ms. Thompson but denied all other statements in the relevant paragraph including the date of filing. See ¶ 5, document nos. 12 and 20. The website for the Harris County Justice Courts, however, reveals that the *underlying lawsuit* under Cause No. CV12C0121643 was filed on February 13, 2013.

*Plaintiff's Second Motion to Strike Affirmative Defenses*
*Page 7*

standard set forth in Rule 9(b). *Wiebe v. Zakheim & Lavrar, P.C.*, 2012 U.S. Dist. LEXIS 156894, *6 (M.D. Fla. 2012)("A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikosi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685, *1-2 (N.D. Ill. 2008).

17. Under Fifth Circuit precedent, this means that the Defendants must set forth the who, what, where, and how of the alleged mistake. *Nunnally*, 2013 U.S. App. LEXIS 6733 at *4. Courts outside this circuit have held that compliance with Rule 9(b) in pleading this defense requires identification of the specific error or mistake made by Defendants and statements as to who made the error/mistake and when and how it occurred. *Bradshaw*, 725 F.Supp.2d at 537 (identification of error); *Konewko*, 2008 U.S. Dist. LEXIS 40685 at *2 (who, when and how required). Defendants' pleading of the bona fide error defense continues to lack the specificity to meet this standard.

WHEREFORE, Plaintiff prays that this Court grant this second motion to strike affirmative defenses, strike the affirmative defenses discussed above, and grant such other and further relief to which she may be entitled.

Respectfully submitted,

**Lone Star Legal Aid**

1415 Fannin Street, 3rd Floor
Houston, Texas 77002
Tel.: 713-652-0077, ext. 1154
Fax: 713-652-3814

By: /s/ Richard Tomlinson
Richard Tomlinson
TX Bar No. 20123500
Tariq F. Gladney
TX Bar No. 24058505

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's Motion to Strike Affirmative Defenses has been forwarded to counsel for Defendants, electronically or by fax or First Class Mail on this the 2nd day of August, 2013:

Joseph Onwuteaka
Law Office of Joseph Onwuteaka, P.C.
7324 Southwest Freeway, Suite 310
Houston, TX 77074

/s/ Richard Tomlinson
Richard Tomlinson