IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:13-cv-00441 |
| | § | |
| SAMARA PORTFOLIO MANAGEMENT, | § | |
| L.L.C.; LAW OFFICE OF JOSEPH | § | |
| ONWUTEAKA, P.C. and JOSEPH | § | |
| ONWUTEAKA, | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Mary Thompson, Plaintiff herein, and files this reply to Defendants' response to the second motion to strike certain affirmative defenses, and in support thereof would show the following:

**I.   Introduction**

1. On May 24, 2013, Plaintiff filed a motion to strike affirmative defenses under Rule 12(f)(2), alleging that Defendants had failed to adequately plead any of their defenses and that some of the defenses were barred by law. See document no. 13. On June 19, 2013, this Court signed an order that struck all of Defendants' affirmative defenses but permitted Defendants until July 31, 2013 to replead. See document no. 19. According to this Court's memorandum opinion, "[a]bsent any factual allegations to support the listed affirmative defenses, . . . the Court concludes that the affirmative defenses should be stricken with leave for Defendants to replead any affirmative

defenses together with the facts Defendants claim support each defense." *Id.*

2. Complying with the order, Defendants filed an amended answer that repleaded all 9 affirmative defenses on July 31, 2013. See document no. 20. On August 2, 2013, Plaintiff filed a second motion to strike affirmative defenses, asserting once again that Defendants inadequately pled two statutory defenses (statute of limitations and bona fide error) and that two of the common law defenses (offset and qualified immunity) are invalid as a matter of law. See document no. 21.

3. On August 22, 2013, Defendants filed a motion to vacate the Court's order of June 19, 2013 and a motion for leave to respond, *inter alia*, to Plaintiff's second motion to strike affirmative defenses. See document nos. 23 and 24. By an order dated August 23, 2013, this Court denied the motion to vacate, finding adequate notice of the original motions to strike affirmative defenses and to dismiss counterclaim. See document no. 25. In addition, this Court granted Defendants an extension of time until August 30, 2013 to respond, *inter alia*, to Plaintiff's second motion to strike affirmative defenses. *Id.*

4. On August 30, 2013, Defendants filed a response to Plaintiff's second motion to strike affirmative defenses. See document no. 26.

**II.    Defendants fail to justify their conclusory pleading of affirmative defenses.**

5. In their response to Plaintiff's second motion to strike affirmative defenses, Defendants assert that they "pled facts supporting each affirmative defense" and "have met their 'notice pleading' requirements," citing to *Conley v. Gibson*, 78 S.Ct. 99, 103 (1957). See ¶ 2 of document no. 26. Defendants go on to assert in a conclusory manner that "[t]he[s]e affirmative defenses are authorized under Fed.R.Civ.P. 8(c)." *Id.*

*Plaintiff's Reply to Defendants' Response to Second Motion to Strike Affirmative Defenses*
*Page 2*

6.      Defendants' response, though, ignores binding Fifth Circuit precedent that finds affirmative defenses must provide at a minimum "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  As explained in the second motion to strike affirmative defenses, see ¶¶ 11-17 of document no. 21, Defendants have failed as well to add virtually any factual detail to their affirmative defenses, despite binding 5th Circuit precedent and this Court's admonition to provide "the factual basis for each affirmative defense."   See document no. 19.   In fact, Defendants only added a total of 13 words to their pleading of 3 of the 4 affirmative defenses being challenged (offsets and credits, qualified immunity and bona fide error).

7.      Defendants also misstate the applicable law on the pleading standard by relying upon *Conley v. Gibson*.  In an antitrust case, the Supreme Court recently overturned the "no set of facts" standard of pleading in *Conley* and adopted a more specific plausibility standard.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-563 (2007).   A few years later, the Supreme Court confirmed that the new plausibility pleading standard applied to all types of cases.  *Ashcroft v. Iqbal*, 556 U.S. 662, 667-684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . .'").   While the plausibility pleading standard has not yet been adopted by the Fifth Circuit in the context of affirmative defenses, the vast majority of district courts to address the issue in Texas federal courts have applied this standard to affirmative defenses.   See ¶ 8 of document no. 21.   Defendants fail to recognize that the higher standard of plausibility applies to their affirmative defenses.

8.      Defendants' reliance on Rule 8(c) is also misplaced.   While Rule 8(c) requires

affirmative pleading of any affirmative defense, including the statute of limitations, it does not explicitly set the standard of pleading for affirmative defenses. That standard is set in either *Woodfield* or *Twombly*, and Defendants have failed to meet either standard in their pleading of the 4 affirmative defenses at issue.

9.  Most tellingly, Defendants fail to challenge Plaintiff's application of the higher pleading standard for allegations of mistake to the bona fide error defense nor Plaintiff's argument that the offset and qualified immunity common law defenses are not recognized as proper defenses to statutory FDCPA claims. By failing to challenge these legal arguments, Defendants are effectively conceding the invalidity of the bona fide error, offset and qualified immunity defenses as currently pled. *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 and n. 9 & 10 (S.D. Tex. 2003)(J. Atlas)("failure to brief an argument in the district court waives that argument in that court.").

WHEREFORE, Plaintiff prays that this Court grant this second motion to strike affirmative defenses, strike the affirmative defenses discussed above, and grant such other and further relief to which she may be entitled.

Respectfully submitted,

**Lone Star Legal Aid**

1415 Fannin Street, 3rd Floor
Houston, Texas 77002
Tel.: 713-652-0077, ext. 1154
Fax: 713-652-3814

By: /s/ Richard Tomlinson
Richard Tomlinson
TX Bar No. 20123500
Tariq F. Gladney
TX Bar No. 24058505

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's Reply to Defendants' Response to Second Motion to Strike Affirmative Defenses has been forwarded to counsel for Defendants, electronically or by fax or First Class Mail on this the 4th day of September, 2013:

Joseph Onwuteaka
Law Office of Joseph Onwuteaka, P.C.
7324 Southwest Freeway, Suite 310
Houston, TX 77074

/s/ Richard Tomlinson
Richard Tomlinson