IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY C. THOMPSON, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0441 |
| | § | |
| LAW OFFICE OF JOSEPH | § | |
| ONWUTEAKA, PC, *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This Fair Debt Collection Practices Act ("FDCPA") case is before the Court on Plaintiff Mary C. Thompson's Second Motion to Strike Affirmative Defenses ("Motion to Strike") [Doc. # 21] and Second Motion to Dismiss Counterclaim [Doc. # 22]. Defendants filed a consolidated Response [Doc. # 26], and Plaintiff filed separate Replies [Docs. # 27 and # 28]. Based on the Court's review of the record and applicable legal authorities, the Second Motion to Strike is **granted** as to the qualified immunity defense and **denied** in all other respects. The Second Motion to Dismiss Counterclaim is **denied**.

### I.     BACKGROUND

Plaintiff, who resides in Titus County, Texas, filed this lawsuit alleging that Defendants filed a debt collection lawsuit against her in Harris County even though she neither resided in nor incurred the subject debt in Harris County.  The FDCPA

requires that any legal action to collect a debt must be filed in the judicial district in which the consumer signed the contract sued upon or in which the consumer resides at the time the debt collection action is filed. *See* 15 U.S.C. § 1692i(a).

Defendants filed an Original Answer and Counterclaim [Doc. # 12] that included a list of "Affirmative Defenses" and Counterclaims. Plaintiff filed a Motion to Strike Affirmative Defenses, which the Court granted with leave to replead, and a Motion to Dismiss Counterclaim, which the Court granted. *See* Memorandum and Order [Doc. # 19].

Defendants then filed an Amended Answer [Doc. # 20], and asserted eight affirmative defenses. The Amended Answer did not contain any counterclaims, but requested attorneys' fees, costs, and sanctions.

Plaintiff filed her Second Motion to Strike, seeking dismissal of the statute of limitations, qualified immunity, bona fide error, and offset affirmative defenses. Plaintiff also filed a Second Motion to Dismiss Counterclaim. Both motions have been fully briefed and are ripe for decision.

## II.     MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A.     Plaintiff's Challenges Based on Inadequate Pleading

Plaintiff asks the Court to strike Defendants' affirmative defenses based on the statute of limitations and bona fide error as inadequately pled. To assert an

affirmative defense, a party must "[i]n responding to a pleading affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[1] *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see also Floridia v. DLT 3 Girls, Inc.*, 2012 WL 1565533, *2 (S.D. Tex. May 2, 2012) (Ellison, J.); *United States v. Crown Roofing Servs., Inc.*, 2011 WL 4914971, *1 (S.D. Tex. Oct. 14, 2011) (Werlein, J.); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, 2011 WL 1900166, *6 (S.D. Tex. May 19, 2011) (Lake, J.); *Tran v. Thai*, 2010 WL 723633, *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.). "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran*, 2010 WL 723633, at *1 (quoting *Woodfield*, 193 F.3d. at 362).

"[F]air notice" is satisfied if the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362; *see also*

---

[1] The Fifth Circuit has not yet address whether the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), apply to affirmative defenses. This Court declines to apply the heightened *Twombly* and *Iqbal* pleading standards to affirmative defenses. *See, e.g.*, *Jones v. JGC Dallas LLC*, 2012 WL 4119570, *4 (N.D. Tex. Aug. 17, 2012); *Floridia v. DLT 3 Girls, Inc.*, 2012 WL 1565533, *2 (S.D. Tex. May 2, 2012); *Tran v. Thai*, 2010 WL 723633, *1 (S.D. Tex. Mar. 1, 2010).

*Rogers*, 521 F.3d at 385 ("The concern is that a defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987))). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

Defendants adequately assert the statute of limitations defense, stating that the claim is time barred "because plaintiff did not file this complaint within one (1) year of accrual of her cause of action."[2]  *See* Amended Answer, ¶ 9. Defendants adequately assert the bona fide error defense, stating that the alleged violation of the FDCPA happened, if at all, "despite defendants' efforts to prevent its occurrence." *See id.*, ¶ 14. Plaintiff's Second Motion to Strike is denied as to these two affirmative defenses.

### B. Plaintiff's Challenges Based on Legal Viability of Defenses

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600

---

[2] Plaintiff filed this FDCPA lawsuit on February 11, 2013. Plaintiff alleges in her Complaint [Doc. # 1] that Defendants filed the debt collection lawsuit against her in Harris County on February 13, 2012. If Plaintiff's allegation is correct, this lawsuit would have been timely filed.

F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

Plaintiff argues that the affirmative defense for offsets and credits should be stricken, citing only an unpublished FDCPA decision from the Northern District of California and decisions involving the Truth-in-Lending Act. Plaintiff cites no legal authority from courts in the Fifth Circuit that support the argument that the FDCPA does not permit offset as an affirmative defense. As a result, the Motion to Strike this affirmative defense is denied.

Plaintiff argues also that the affirmative defense of qualified immunity should be stricken. Plaintiff notes correctly that qualified immunity for attorneys is not a defense to claims under the FDCPA. *See Eads v. Wolpoff & Abramson*, 538 F. Supp. 2d 981, 987-88 (W.D. Tex. 2008) (citing *Addison v. Braud*, 105 F.3d 223, 224 n.1 (5th Cir. 1997). Because the qualified immunity affirmative defense is improper as a matter of law, Plaintiff's Motion to Strike it is granted.

### III.  MOTION TO DISMISS COUNTERCLAIM

The Amended Answer does not include any counterclaims. Defendants seek attorneys' fees, costs and sanctions. As noted by the Court in its Memorandum and Order [Doc. # 19] granting Plaintiff's Motion to Dismiss Counterclaim, 15 U.S.C. § 1692k "does not give rise to an independent cause of action but merely allows for damages after resolution of the case on the merits." *See Spencer v. Receivables Performance Mgmt., LLC*, 2013 WL 797335, *3 (S.D. Tex. Mar. 4, 2013) (citing *Allen v. Scott,* 2011 WL 219568, at *2–3 (N.D. Tex. Jan.19, 2011) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985))). Defendants are entitled to request an award of fees, costs, and sanctions, provided the request is not asserted as a counterclaim. Plaintiff's Second Motion to Dismiss Counterclaim is **denied**.

### IV.  CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Second Motion to Strike Affirmative Defenses [Doc. # 21] is **GRANTED** as to the qualified immunity affirmative defense and **DENIED** in all other respects. It is further

**ORDERED** that Plaintiff's Second Motion to Dismiss Counterclaim [Doc. # 22] is **DENIED**.

SIGNED at Houston, Texas, this 9th day of **September, 2013**.

Nancy F. Atlas
United States District Judge